IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 10-cv-01474-LTB-MEH

CAROL KRECK,

    Plaintiff,

v.

THE CITY AND COUNTY OF DENVER, a municipality; and
POLICE OFFICER MATTHEW CANINO, in his individual and official capacities,

    Defendants.

_____

ORDER
_____

    This case is before me on Defendants the City and County of Denver ("Denver") and Police Officer Matthew Canino's ("Canino") Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) or, in the Alternative, for Summary Judgment Pursuant to Fed. R. Civ. P. 56 [Doc # 3]. After consideration of the motion, all related pleadings, and the case file, I grant Defendants' motion to dismiss.

**I. Background**

    This action arises out of the Plaintiff's citation for trespassing at the Denver Performing Arts Complex ("DPAC") during a July 7, 2008 town hall meeting hosted by Republican presidential candidate Senator John McCain in the DPAC's Seawell Ballroom. Plaintiff was positioned in the DPAC's Galleria holding a sign that read "McCain =Bush" at the time Defendant Canino issued the citation for trespassing. The Galleria is a courtyard area that provides ingress to and egress from DPAC venues including the Seawell Ballroom.

Plaintiff asserts § 1983 claims against Defendants for violation of her rights under the First, Fourth, and Fourteenth Amendments and against Defendant Denver for failure to train and supervise. Defendants argue that Plaintiff's claims fail to state a claim based on Tenth Circuit precedent in *Hawkins v. City & County of Denver,* 170 F.3d 1281 (10th Cir. 1999) and the doctrine of qualified immunity.

## II. Standard of Review

Under Rule 12(b)(6), "[d]ismissal is appropriate only if the complaint, viewed in the light most favorable to plaintiff, lacks enough facts to state a claim to relief that is plausible on its face." *United States ex rel. Conner v. Salina Regional Health Center,* 543 F.3d 1211, 1217 (10th Cir. 2008) (quotations and citations omitted). A claim is plausible on its face "when the plaintiff pleads factual content that enables the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* — U.S. —, 129 S.Ct. 1937, 1949 (2009) (*citing Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Although plaintiffs need not provide "detailed factual allegations" to survive a motion to dismiss, they must provide more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. *See also Ashcroft,* 129 S.Ct. at 1949 (a complaint will not suffice if it tenders "naked assertions devoid of further factual enhancement"). Furthermore, conclusory allegations are "not entitled to be assumed true." *Ashcroft*, 129 S.Ct. at 1950.

"[I]n general, a motion to dismiss should be converted to a summary judgment motion if a

party submits, and the district court considers, materials outside the pleadings." *Prager v. LaFaver,* 180 F.3d 1185, 1188 (10th Cir. 1999). In ruling on a Rule 12(b)(6) motion to dismiss, however, a court may properly consider facts subject to judicial notice such as court files and matters of public record. *Grynberg v. Koch Gateway Pipeline Co.,* 390 F.3d 1276, 1279 n.1 (10th Cir. 2004) (citations omitted).

### III.  Analysis

**A.  The *Hawkins* Decision**

In *Hawkins v. City & County of Denver,* 170 F.3d 1281 (10th Cir. 1999), a group of union musicians filed a § 1983 action against Denver for violation of their First Amendment rights by denying them access to the Galleria where they wished to picket and distribute leaflets expressing their grievance against the Colorado Ballet, a tenant of the DPAC's Temple Hoyne Buell Theatre that had replaced the aggrieved musicians with an audio tape recording during ballet performances. Because "[t]he extent of the government's ability to restrict protected speech on public property depends upon the nature of the forum," *id.* at 1286, the Tenth Circuit considered on appeal whether the Galleria was a traditional public forum; a designated public forum; or a nonpublic forum and concluded that it was a nonpublic forum. *Id.* at 1286-87. In rejecting the characterization of the Galleria as a designated public forum, the Tenth Circuit noted that "Denver has neither in policy or practice thrown open the Galleria for public expressive activity" and cited several instances where Denver had enforced its policy banning leafletting and picketing in the Galleria. *Id.* at 1288. The Tenth Circuit went on to hold that the policy of banning picketing and demonstrations from the Galleria was viewpoint-neutral and reasonable in light of the Galleria's purpose and therefore did not violate plaintiffs' First Amendment rights.

Relying on *Hawkins*, Defendants argue that the Galleria must be considered a nonpublic forum in this case. Plaintiff argues that activity at the DPAC since *Hawkins* was decided including Senator McCain's July 7, 2008 town hall meeting have converted the entire DPAC including the Galleria into a designated public forum. Viewed in the light most favorable to Plaintiff, the fact that the Seawell Ballroom was open to the general public for political discourse at the time of the events at issue supports a plausible claim that the Galleria, as the sole means of ingress to and egress from the ballroom, was operating as a designated public forum. As such, Defendants' argument that, as in *Hawkins*, I need only consider whether Denver's policy banning picketing in the Galleria, as applied to Plaintiff, is viewpoint-neutral and reasonable in light of the Galleria's purpose is inapplicable. Furthermore, unlike Plaintiff, the plaintiffs in *Hawkins* were not engaged in political speech. Because "[f]ree political speech occupies a preferred position in this country and this state," *Bock v. Westminster Mall Co.,* 819 P.2d 55, 57 (Colo. 1999), the Tenth Circuit's analysis in *Hawkins* of the Galleria policy is not entirely on point. Accordingly, Defendants are not entitled to dismissal of the case based on the Tenth Circuit's holding in *Hawkins*.

**B.  Qualified Immunity**

The doctrine of qualified immunity shields governmental officials performing discretionary functions from liability for civil damages provided that their conduct does not violate clearly established constitutional rights. *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). Once a defendant asserts the defense of qualified immunity, the plaintiff must establish (1) that the defendant's actions violated a constitutional or statutory right; and (2) that the law was clearly established such that a reasonable person in the defendant's position would have known that their

conduct violated the law. *Garrett v. Stratman,* 254 F.3d 946, 951 (10th Cir. 2001). Courts have discretion in determining which of the two prongs of the qualified immunity defense to address first in light of the specific circumstances presented. *Pearson v. Callahan,* – U.S. – , 129 S.Ct. 808, 818 (2009).

Even if Plaintiff's constitutional rights were violated, Defendants argue that she cannot show that the rights were clearly established at the time the violations occurred. In support of this argument, Defendants principally rely on *Hawkins* . Although I declined to dismiss Plaintiff's claims based on *Hawkins* under the applicable Rule 12(b)(6) standard, it was a close call and not indicative of a likelihood that Plaintiff could prevail on the merits of her claims. Indeed, as pointed out by Defendants, the Denver County Court issued an order finding that Defendants did not violate Plaintiff's constitutional rights based in large part on *Hawkins*. Under these circumstances, I agree that the law was not so clearly established that a reasonable person in Defendant Canino's position would have known that their conduct in citing Plaintiff for trespass for violation of the DPAC's policy banning picketing and demonstrations from the Galleria violated her Plaintiff's Amendment rights. I therefore need not consider whether Plaintiff can establish that Defendants in fact violated her First Amendment rights.

By the same reasoning, I conclude that the law was not so clearly established that a reasonable person in Defendant Canino's position would not have known that their conduct in citing Plaintiff for trespass for violation of the DPAC's policy banning picketing and demonstrations from the Galleria violated Plaintiff's Fourth Amendment rights to be free from arrest without probable cause. Additionally, the YouTube video of the events in question cited by Plaintiff shows that she was escorted from the Galleria by a police officer other than Officer

Canino.  Officer Canino's conduct in issuing Plaintiff a citation for trespass does not rise to the level of a Fourth Amendment seizure.  *Martinez v. Carr,* 479 F.3d 1292, 1299 (10th Cir. 2007).

### C.  Municipal Liability for Denver

Plaintiff's Third Claim for Relief alleges that Denver is liable for its failure to train and supervise its police officers with respect to the First, Fourth, and Fourteenth Amendment rights of Denver citizens.  Municipal liability based on inadequate training requires proof of "deliberate indifference" on the part of the municipality.  *City of Canton v. Harris,* 489 U.S. 378, 389 (1989).

 "'Deliberate indifference' is a stringent standard of fault standard, requiring proof that a municipal actor disregarded a known or obvious consequence of his action."  *Bd. of the County Comm'rs of Bryan County v. Brown,* 520 U.S. 397, 410 (1997).  *See also Barney v. Pulsipher,* 143 F.3d 1299, 1307 (10th Cir. 1998) ("The deliberate indifference standard may be satisfied when the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm.").  Here, in light of *Hawkins,* Denver was not on notice that enforcement of the DPAC's policy regarding picketing and demonstrations at the Galleria would result in a violation of its citizens' constitutional rights even if such a violation occurred in this case.

## IV.  Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that:

1.  Defendants' Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) or, in the Alternative, for Summary Judgment Pursuant to Fed. R. Civ. P. 56 [Doc # 3] is GRANTED.

2.  Plaintiff's claims against Defendants are DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted; and

3.  Defendants shall be awarded their costs.


Dated: January   6  , 2011 in Denver, Colorado.

                                                 BY THE COURT:

                                                   s/Lewis T. Babcock
                                                 LEWIS T. BABCOCK, JUDGE